IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAVELL T. WASHINGTON JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-3495 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID MIRO, GARY WOJCIK, | ) | |
| and THE CITY OF CALUMET CITY, | ) | Honorable Sara L. Ellis |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Plaintiff files this Initial Status Report individually:

1. The Nature of the Case:

    A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

    Attorneys for Plaintiff
    Peter T. Sadelski
    Edward M. Fox
    118 N. Clinton St., Ste. 425
    Chicago, IL 60661
    (312) 345-8877
    petersadelski@efoxlaw.com
    efox@efoxlaw.com

    B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

    Plaintiff asserted the following claims against Defendants David Miro and Gary Wojcik: unreasonable entry into the curtilage of his real property, wrongful detention, false arrest, unreasonable seizure of his vehicle, and malicious prosecution in violation of the Fourth Amendment. Plaintiff asserted the following claims against Defendant City of Calumet City under the theory of *respondeat superior*: false arrest, false imprisonment, and spoliation.

    C. Briefly identify the major legal and factual issues in the case.

        Whether the area in which Defendants David Miro and Gary Wojcik entered was curtilage. Whether Plaintiff made physical contact with either David Miro or Gary Wojcik. Whether there was probable cause to arrest or charge Plaintiff. Whether there was probable cause to seize Plaintiff's vehicle. Whether Defendant City of Calumet City spoliated evidence.

    D.    State the relief sought by any of the parties.

        Money damages

2.    Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

    A.    Identify all federal statutes on which federal question jurisdiction is based.

        42 U.S. Code § 1983

    B.    If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

        (1)    State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

        (2)    Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

        NOTE 1: Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. See Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012).

        NOTE 2: The report must address whether there is diversity in any case in which pendent jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.

3.    Status of Service: Identify any defendants that have not been served.

      Plaintiff issued notices of lawsuit and waivers to Defendants on April 2, 2025. Defendants have not yet executed the waivers.

4.    Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.

      Not available

5.    Motions:

    A.    Briefly describe any pending motions.

        None

    B.    State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

        Not available

        NOTE 3: If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.

6.    Case Plan:

      Not available

    A.    Submit a proposal for a discovery plan, including the following information:

        (1)    The general type of discovery needed;

        (2)    A date for Rule 26(a)(1) disclosures;

        (3)    First date by which to issue written discovery;

        (4)    A fact discovery completion date;

        (5)    An expert discovery completion date, including dates for the delivery of expert reports; and

        (6)    A date for the filing of dispositive motions.

    B.    With respect to trial, indicate the following:

  (1)  Whether a jury trial is requested; and

    Plaintiff requested a jury trial.

  (2)  The probable length of trial.

    The trial should take approximately three days.

7. Status of Settlement Discussions:

 A. Indicate whether any settlement discussions have occurred;

  None

 B. Describe the status of any settlement discussions; and

  None

 C. Whether the parties request a settlement conference.

  Not available

  NOTE 4: Do NOT provide the particulars of any demands/offers that have been made.

Dated: May 22, 2025

        Respectfully submitted,

        */s/ Peter T. Sadelski*
        Peter T. Sadelski
        Ed Fox & Associates, Ltd.
        118 N. Clinton St., Ste. 425
        Chicago, IL 60618
        (312) 345-8877
        petersadelski@efoxlaw.com
        *Attorney for Plaintiff*