IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAVELL T. WASHINGTON JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-3495 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID MIRO, GARY WOJCIK, and THE CITY OF CALUMET CITY, | ) ) ) | Honorable Sara L. Ellis |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Plaintiff files this Initial Status Report individually:

1. The Nature of the Case:

   A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

   Attorneys for Plaintiff
   Peter T. Sadelski (Lead)
   Edward M. Fox
   118 N. Clinton St., Ste. 425
   Chicago, IL 60661
   (312) 345-8877
   petersadelski@efoxlaw.com
   efox@efoxlaw.com

   Attorneys for Defendants
   Robert P. Hoban III (Lead)
   Alexandra C. Cambiazo
   140 S. Dearborn, 6th Floor
   Chicago, IL 60603
   (312) 782-782-7606
   (312) 604-9167
   rhoban@ancelglink.com
   acambiazo@ancelglink.com

    B.    Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

Plaintiff asserted the following claims against Defendants David Miro and Gary Wojcik: unreasonable entry into the curtilage of his real property, wrongful detention, false arrest, unreasonable seizure of his vehicle, and malicious prosecution in violation of the Fourth Amendment. Plaintiff asserted the following claims against Defendant City of Calumet City under the theory of *respondeat superior*: false arrest, false imprisonment, and spoliation.

    C.    Briefly identify the major legal and factual issues in the case.

Whether the area in which Defendants David Miro and Gary Wojcik entered was curtilage. Whether Plaintiff made physical contact with either David Miro or Gary Wojcik. Whether there was probable cause to arrest or charge Plaintiff. Whether there was probable cause to seize Plaintiff's vehicle. Whether Defendant City of Calumet City spoliated evidence. Whether the City and its officers are entitled to qualified immunity.

    D.    State the relief sought by any of the parties.

Plaintiff is seeking money damages.

2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

    A.    Identify all federal statutes on which federal question jurisdiction is based.

42 U.S. Code § 1983

    B.    If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

Jurisdiction for the federal claims is based on federal question, and supplemental jurisdiction regarding the state claims.

3. Status of Service: Identify any defendants that have not been served.

On June 30, 2025, Defendants waived service of process.

4.     Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.

      The parties do not unanimously consent to proceed before the Magistrate Judge.

5.     Motions:

    A.     Briefly describe any pending motions.

        There are no pending motions.

    B.     State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

        Defendants anticipate filing a Rule 12(b)(6) Motion to Dismiss.

        NOTE 3: If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.

6.     Case Plan:

    A.     Submit a proposal for a discovery plan, including the following information:

        (1)     The general type of discovery needed;

            The parties need to conduct written and oral fact discovery.

        (2)     A date for Rule 26(a)(1) disclosures;

            September 5, 2025

        (3)     First date by which to issue written discovery;

            September 5, 2025

        (4)     A fact discovery completion date;

            July 13, 2026

   (5) An expert discovery completion date, including dates for the delivery of expert reports; and

   Plaintiff does not expect to conduct expert discovery. Defendants will determine whether to conduct expert discovery upon ascertaining the nature and extent of Plaintiff's claimed injuries.

   (6) A date for the filing of dispositive motions.

   August 3, 2026

 B. With respect to trial, indicate the following:

   (1) Whether a jury trial is requested; and

   Plaintiff requested a jury trial.

   (1) The probable length of trial.

   The trial should take approximately three days.

7. Status of Settlement Discussions:

 A. Indicate whether any settlement discussions have occurred;

 The parties have not engaged in settlement discussions.

 B. Describe the status of any settlement discussions; and

 The parties have not engaged in settlement discussions.

 C. Whether the parties request a settlement conference.

 The parties do not request a settlement conference at this time.

 NOTE 4: Do NOT provide the particulars of any demands/offers that have been made.

Dated: August 6, 2025

             Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
Ed Fox & Associates, Ltd.
118 N. Clinton St., Ste. 425
Chicago, IL 60618
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiff*

*/s/ Robert O. Hoban III*
Robert P. Hoban III (Lead)
Alexandra C. Cambiazo
140 S. Dearborn, 6th Floor
Chicago, IL 60603
(312) 782-782-7606
(312) 604-9167
rhoban@ancelglink.com
acambiazo@ancelglink.com
*Attorneys for Defendants*

5