**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAVELL T. WASHINGTON JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DAVID MIRO, GARY WOJCIK, and ) <br> THE CITY OF CALUMET CITY, ) <br> ) <br> Defendants. ) | Court No.: 2025-cv- 3495 <br><br> **JURY DEMANDED** |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME the Defendants THE CITY OF CALUMET CITY ("City"), DAVID MIRO ("Miro"), and GARY WOJCIK ("Wojcik"), (collectively the "Defendants"), by and through their attorneys, Ancel Glink, P.C., and, for their Answer to Plaintiff's Complaint hereby state as follows:

**JURISDICTION AND VENUE**

1. The cause of action is 42 U.S. Code § 1983.

   **ANSWER: Defendants admit that Plaintiff purports to bring this case pursuant to the statute referenced but deny any deprivations of Plaintiff's rights, deny any wrongdoing, and deny the merits of Plaintiff's claims.**

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §§ 1343, 1331, and 1367.

   **ANSWER: Defendants admit that this Court has jurisdiction pursuant to the statutes referenced but deny any deprivations of Plaintiff's rights, deny any wrongdoing, and deny the merits of Plaintiff's claims.**

3. The venue is founded in this Court upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

   **ANSWER: Defendants admit that venue is proper but deny any deprivations of**

1

**Plaintiff's rights, deny any wrongdoing, and deny the merits of Plaintiff's claims.**

## PARTIES

4. At all times relevant, Plaintiff Lavell T. Washington Jr. ("Plaintiff") was a United States citizen and was within this Court's jurisdiction.

**ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.**

5. At all times relevant, David Miro ("Defendant Miro") and Gary Wojcik ("Defendant Wojcik") (collectively "Defendant Officers") were police officers in the Calumet City Police Department. Defendant Officers acted under color of state law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

**ANSWER: Defendants admit that at all times relevant hereto Defendants Miro and Wojcik were employed by the Calumet City Police Department as police officers acting under color of state law within the scope of their employment. Defendants admit that Plaintiff purports to sue Defendants Miro and Wojcik in their individual capacities.**

6. At all times relevant, the City of Calumet City ("Defendant City") was a political division of the State of Illinois and served as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of Defendant City. Under the doctrine of *respondeat superior*, Defendant City bears liability for all state law claims committed by their representatives, employees, and agents acting within that scope.

**ANSWER: Defendants admit that the Defendant City is a municipal entity existing under the laws of the State of Illinois and admit that Defendants Miro and Wojcik were employed by the Calumet City Police Department as police officers. Defendants deny the remaining allegations contained in Paragraph 6.**

## FACTUAL ALLEGATIONS

7. On April 4, 2024, Plaintiff's vehicle was lawfully on the driveway of his residence at 601 Muskegon Avenue, Calumet City, Illinois 60409.

**ANSWER: Defendants admit that Plaintiff's residence was 601 Muskegon Avenue, Calumet City, Illinois 60409. Defendants deny the remaining allegations contained in Paragraph 7.**

8. Defendant Miro drove his police vehicle on Plaintiff's driveway in front of Plaintiff's vehicle, exited his police vehicle, and spoke to Plaintiff about his vehicle.

**ANSWER: Defendants admit that a police vehicle was driven upon and parked on the driveway at 601 Muskegon Avenue. Defendants further admit that Miro exited his police vehicle and spoke to Plaintiff. Defendants deny the remaining allegations contained in Paragraph 8.**

9. Defendant Wojcik walked up Plaintiff's driveway and spoke to Plaintiff about his vehicle.

**ANSWER: Defendants admit that Wojcik walked up the driveway at 601 Muskegon Avenue. Defendants deny the remaining allegations contained in Paragraph 9.**

10. Defendant Officers neither had consent nor a search warrant to enter the curtilage of Plaintiff's residence.

**ANSWER: Defendants admit that Defendants did not have a search warrant. Defendants deny the remaining allegations contained in Paragraph 10.**

11. Defendant Officers did not have legal justification to enter the curtilage of Plaintiff's residence.

**ANSWER: Defendants deny the allegations contained in Paragraph 11.**

12. Defendant Officers made physical contact with Plaintiff by grabbing his arms.

**ANSWER: Defendants admit that Miro made physical contact with Plaintiff by grabbing his arms after Plaintiff committed battery upon Wojcik. Defendants deny the**

**remaining allegations contained in Paragraph 12.**

13. Defendant Officers did not have legal justification to make physical contact with Plaintiff.

    **ANSWER: Defendants deny the allegations contained in Paragraph 13.**

14. Defendant Wojcik opened the rear left door of Plaintiff's vehicle.

    **ANSWER: Defendants admit that Wojcik opened the rear driver's side door of the vehicle parked on the driveway at 601 Muskegon Avenue. Defendants deny the remaining allegations contained in Paragraph 14.**

15. Plaintiff closed the rear left door of his vehicle.

    **ANSWER: Defendants admit that Plaintiff closed the rear driver's side door of the vehicle parked on the driveway at 601 Muskegon Avenue. Defendants deny the remaining allegations contained in Paragraph 15.**

16. Plaintiff did not knowingly make contact with Defendant Miro.

    **ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.**

17. Defendant Wojcik took out his Taser and threatened to shoot Plaintiff.

    **ANSWER: Defendants admit that while Miro attempted to place Plaintiff under arrest for the offense of battery, Wojcik unholstered his taser. Defendants deny the remaining allegations contained in Paragraph 17.**

18. There was no legal justification to threaten to shoot Plaintiff with a Taser.

    **ANSWER: Defendants deny the allegations contained in Paragraph 18.**

19. Defendant Miro placed Plaintiff in handcuffs.

    **ANSWER: Defendants admit the allegations contained in Paragraph 19.**

20. There was no legal justification to place Plaintiff in handcuffs.

    **ANSWER: Defendants deny the allegations contained in Paragraph 20.**

21. Defendant Officers had Plaintiff's vehicle impounded.

**ANSWER: Defendants admit that the vehicle was impounded. Defendants deny the remaining allegations contained in Paragraph 21.**

22. There was no legal justification to have Plaintiff's vehicle impounded.

**ANSWER: Defendants deny the allegations contained in Paragraph 22.**

23. Defendant Officers transported Plaintiff to the police station and charged him with committing a battery under 720 ILCS 5/12-3(a)(2).

**ANSWER: Defendants admit the allegations contained in Paragraph 23.**

24. There was no legal justification to charge Plaintiff with committing a battery under 720 ILCS 5/12-3(a)(2) or any other laws.

**ANSWER: Defendants deny the allegations contained in Paragraph 24.**

25. Defendant Miro wore a body-worn camera that captured the entire incident.

**ANSWER: Defendants admit that Miro wore a body-worn camera. Defendants neither admit nor deny that the body-worn camera captured the entire incident as Defendants lack sufficient information to form a belief as to the truth or falsity of this allegation.**

26. Defendants destroyed the body-worn camera footage before a final disposition on Plaintiff's battery charge.

**ANSWER: Defendants neither admit nor deny the allegations contained in Paragraph 26 as Defendants lack sufficient information to form a belief as to the truth or falsity of this allegation.**

27. On November 6, 2024, the charge against Plaintiff was disposed in his favor, indicative of his innocence.

**ANSWER: Defendants deny the allegations contained in Paragraph 27.**

28. As a direct and proximate result of one or more of the above-mentioned actions and/or

omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

**ANSWER: Defendants deny the allegations contained in Paragraph 28.**

29. The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER: Defendants deny the allegations contained in Paragraph 29.**

30. Because of the actions and/or omissions mentioned above by Defendant Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorneys' fees under any relevant provision set by law.

**ANSWER: Defendants deny the allegations contained in Paragraph 30.**

### COUNT I
### UNREASONABLE ENTRY IN VIOLATION OF THE FOURTH AMENDMENT
### UNDER 42 U.S.C. § 1983

31. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty (30) as though fully set forth at this place.

**ANSWER: Defendants restate their answers to Paragraphs 1 through 30 for their answer to Paragraph 31, as if fully stated herein and incorporating the same by reference.**

32. Defendant Officers entered the curtilage of Plaintiff's residence without legal justification, thereby causing Plaintiff to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United

States Constitution and laws enacted thereunder.

**ANSWER: Defendants deny the allegations contained in Paragraph 32.**

33. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**ANSWER: Defendants deny the allegations contained in Paragraph 33.**

### COUNT II
### WRONGFUL DETENTION/FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

34. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty (30) as though fully set forth at this place.

**ANSWER: Defendants restate their answers to Paragraphs 1 through 30 for their answer to Paragraph 34, as if fully stated herein and incorporating the same by reference.**

35. Defendant Officers wrongfully detained/falsely arrested Plaintiff without legal justification, causing Plaintiff to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

**ANSWER: Defendants deny the allegations contained in Paragraph 35.**

36. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**ANSWER: Defendants deny the allegations contained in Paragraph 36.**

### COUNT III
### UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

37. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty (30) as though fully set forth at this place.

**ANSWER: Defendants restate their answers to Paragraphs 1 through 30 for their answer to Paragraph 37, as if fully stated herein and incorporating the same by reference.**

38. Defendant Officers seized Plaintiff's vehicle without legal justification, thereby causing

Plaintiff to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

**ANSWER: Defendants deny the allegations contained in Paragraph 38.**

39. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**ANSWER: Defendants deny the allegations contained in Paragraph 39.**

### COUNT IV
### MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

40. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty (30) as though fully set forth at this place.

**ANSWER: Defendants restate their answers to Paragraphs 1 through 30 for their answer to Paragraph 40, as if fully stated herein and incorporating the same by reference.**

41. Defendant Officers caused Plaintiff to be prosecuted and seized as a result without legal justification, causing Plaintiff to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

**ANSWER: Defendants deny the allegations contained in Paragraph 41.**

42. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**ANSWER: Defendants deny the allegations contained in Paragraph 42.**

### COUNT V
### FALSE ARREST/IMPRISONMENT IN VIOLATION OF ILLINOIS COMMON LAW

43. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty (30) as though fully set forth at this place.

**ANSWER: Defendants restate their answers to Paragraphs 1 through 30 for their**

**answer to Paragraph 43, as if fully stated herein and incorporating the same by reference.**

44. Defendant Officers intentionally arrested/imprisoned Plaintiff without legal justification, causing him to suffer emotional, financial, and other injuries. Through this conduct, Defendant Officers committed false arrest/imprisonment under Illinois common law.

**ANSWER: Defendants deny the allegations contained in Paragraph 44.**

45. Therefore, Defendant City is liable for civil battery under Illinois common law under the doctrine of respondeat superior.

**ANSWER: Defendants deny the allegations contained in Paragraph 45.**

## COUNT VI
## SPOLIATION IN VIOLATION OF ILLINOIS COMMON LAW

46. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty (30) as though fully set forth at this place.

**ANSWER: Defendants restate their answers to Paragraphs 1 through 30 for their answer to Paragraph 46, as if fully stated herein incorporating the same by reference.**

47. Defendant City had a duty to preserve Defendant Miro's body-worn camera footage but failed to do so, causing Plaintiff to suffer emotional, financial, and other injuries.

**ANSWER: Defendants deny the allegations contained in Paragraph 47.**

48. Therefore, Defendant City is liable for negligent spoliation under Illinois common law.

**ANSWER: Defendants deny the allegations contained in Paragraph 48.**

### TRIAL BY JURY IS HEREBY DEMANDED

The Defendants demand a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

Without prejudice to their prior denials, the Defendants, the City of Calumet City, David Miro, and Gary Wojcik, state the following as their affirmative defenses to Plaintiff's Complaint:

1. As to Plaintiff's claims based on federal law, the individual Defendants are entitled to qualified immunity as to the claims brought against them. While acting as police officers, the Defendants performed discretionary acts that did not knowingly violate clearly established constitutional rights of which a reasonable person would have known and were acting in good faith and with the reasonable belief that such actions were lawful and constitutional;

2. To the extent that any state law claim is based on conduct by any Defendant that falls within that Defendant's discretion under §2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") (745 ILCS 10/2-201), that Defendant or those Defendants are entitled to immunity from liability under that provision;

3. To the extent that any state law claim is based on any act or omission of any Defendant conducted in the execution or enforcement of any law, that Defendant or those Defendants are entitled to immunity from liability under § 2-202 of the Tort Immunity Act (745 ILCS 10/2-202), unless such act or omission constitutes willful and wanton conduct;

4. To the extent that Plaintiff attempts to impose liability on any Defendant based on any state law claim for an injury caused by the act or omission of another person, that Defendant or those Defendants are immune from liability pursuant to §2-204 of the Tort Immunity Act (745 ILCS 10/2-204);

5. To the extent that any state law claim is based upon an inadequate police investigation, inadequate investigative tactics, or a failure to solve a crime or identify or apprehend a criminal, defendants are immune from liability pursuant to §4-102 of the Tort Immunity Act (745 ILCS 10/4-102);

6. The City is immune from Plaintiff's claims brought pursuant to Illinois state law under the Tort Immunity Act because the City is "not liable for an injury resulting from an act or

omission of its employee where the employee is not liable"; the City is not liable because the individual Defendants are not liable to Plaintiff (745 ILCS 10/2-109);

7. The City is immune from any claims by Plaintiff for punitive or exemplary damages. *See, e.g., Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102.

WHEREFORE, the Defendants the City of Calumet City, David Miro, and Gary Wojcik deny that they are liable to Plaintiff and pray that this Court enter judgment in their favor and against the Plaintiff.

Respectfully Submitted,

By: /s/ *Alexandra C. Cambiazo*
One of the Attorneys for Defendants,
David Miro, Gary Wojcik and
The City of Calumet City

Robert P. Hoban III (ARDC# 62255179)
Alexandra C. Cambiazo (ARDC #6335647)
Attorneys for Defendants
**ANCEL GLINK, P.C.**
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
Phone: (312) 782-7606
Fax: (312) 782-0943
rhoban@ancelglink.com
acambiazo@ancelglink.com